MARGO S. POLK
1508 W. 101st Street
Los Angeles, CA 90047

(323) 371-9851

Petitioner Pro Se

FILED
MAR 14 2008

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

In re:

MARGO S. POLK,

        Debtor.

Social Security #: XXX-XX-9075

Case No: LA06-16041VK

CHAPTER 7
Filed 11/20/2006
Closed Without Discharged 06/11/2007

DEBTOR'S REQUEST TO REOPEN CLOSED WITHOUT DISCHARGED CHAPTER 7 BANKRUPTCY CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARGO S. POLK IN SUPPORT THEREOF

Date:
Time:
Place: 255 E. Temple St., L.A., CA 90012
Courtroom: 1682

    The debtor in the above captioned case LA06-16041LK filed a Chapter 7 bankruptcy case within the Central district on November 20, 2006. The final 341(a) meeting of creditors was held on December 21, 2006 with Chapter 7 Trustee, Timothy Yoo. There were no assets in this case.

    Through inadvertence, Form 23, "Debtors Certification of Completion of Instructional Course Concerning Personal Financial Management, was not filed and the case has been closed without discharge. The case was officially closed on June 11, 2007.

Debtor's Request To ReOpen Closed Without Discharged Chapter 7 Bankruptcy Case; Memorandum of Points and Authorities; Declaration of Margo S. Polk in Support Thereof    1

1 | Debtor respectfully requests the court to reopen this case to allow Form 23 to be properly
2 | and timely submitted and the debts in this case to be discharged.
3 | Executed at Los Angeles, California on March 14, 2008.

*Margo Polk*
Margo S. Polk, Debtor

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## BANKRUPTCY LAWS PROVIDE FOR REOPENING OF CLOSED CASE IF NECESSARY TO ACCORD RELIEF TO THE DEBTOR
## 11 USCS § 350(b)

1. Pursuant to **11 USCS § 350(b)**, "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other case." If a chapter 7 is reopened, a trustee may not be appointed by the United States trustee unless the court determines that trustee is necessary to protect the interests of creditors and the debtor or to insure the efficient administration of the case. **[Bankruptcy Rule 5010]**

2. Debtor failed to file form Form 23 - Debtor's Certification of Completion of PostPetition Instructional Course Concerning Personal Financial Management with the required 45 day window of opportunity. Unfortunately, nearly one year after her case was closed without discharged, a reminder to Debtor that her chapter 7 bankruptcy has not been completed.

3. This bankruptcy court has jurisdiction to reopen estates for cause shown, pursuant to **11 USCS § 350(b)**. Generally, a case may be reopened on motion of the debtor when elements of judicial economy and fairness to the litigants can justify the Bankruptcy Court's continuing exercise of jurisdiction by reopening an adversary proceeding even if the underlying case has been closed and the matter is simply a related proceeding. **In re Burch, 88 B.R. 686 (Bankr. E.D. Pa. 1988). Bankr.Act,** 2, sub. a(8), 11 U.S.C.A. 11, sub. a(8).

4. In **A.J. Bumb** (appellant) v. **Bonafide Mills, Inc.** (appellee), the appeal Court held that bankruptcy court acted within its jurisdiction in enjoining claimant who filed proof of claim and petition in reclamation, and participated in dividends paid to unsecured creditors of bankrupt's estate in an amount increased by value of missing merchandise not returned on reclamation petition which had been consigned to bankrupt notwithstanding that reclamation petition was dismissed after its purpose had been served.

/ / /
/ / /
/ / /

## II.
## TWO INTERESTS OF A CREDITOR ARE SOUGHT TO BE PROTECTED IN ALLOWING REOPENING OF A CASE

5. In fairness, the debtor reminds this court of the two interests of a creditor sought to be protected in allowing a debtor to reopen a case: the right to participate in dividend; and the right to obtain determination of dischargeability of debt. Debtor prays this court will use its discretion to reopen the matter for fairness to both the debtor and the creditor. There is no state court litigation in this matter.

## IV.
## COURT'S DUTY TO GRANT DISCHARGE OF DEBT
## 11 USCS § 727 (Chapter 7 Bankruptcy Petition)

Pursuant to 11 USCS § 727(a)(2)(A)(B);(3);(4)(A), the court shall grant the debtor a Discharge of debt unless -----

"(a)(2) the debtor, with intent to hinder, delay, or defraud a credit or an officer of the estate charged with custody of property under this title, has transferred removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition, or
(B) property of the estate, after the date of the filing of the petition;

"(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents..., from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

"(4) the debtor knowingly and fraudulently, in or in connection with the case—
(A) made false oath or account...."

6. The debtor/movant did not commit any of the above-specified acts in paragraph (2), (3), (4), on or within one year before the filing of the petition, or during the case, in connection with another case under this title or under the Bankruptcy Act, concerning an insider. Therefore, the foregoing being the case, movant prays this Court will make its Order that the case shall be reopened.

DATED:     March  14, 2008

/s/ Margo Polk
MARGO S. POLK,
Debtor/ Movant

Debtor's Request To ReOpen Closed Without Discharged Chapter 7 Bankruptcy Case; Memorandum of Points and Authorities; Declaration of Margo S. Polk in Support Thereof     4

# DECLARATION OF MARGO S. POLK IN SUPPORT THEREOF

I, MARGO S. POLK, declare the following:

1. That I am the debtor/movant in the above-entitled proceeding. The facts which are set forth herein are personally known to me and if called upon as a witness I could and would competently testify thereto.

2. This declaration is submitted in support of my Motion for Reopening Closed Case Without Discharge to allow time for the filing of Form 23.

3. On or about November 20, 2006, I filed for protection under Chapter 7 Bankruptcy. Following my attendance at the 341a Meeting of Creditors with the Chapter 7 Trustee, Timothy Yoo, on December 21, 2006, I did in fact, mail my copy of the Form 23 to the court house but it appears this court never received it.

4. My bankruptcy case is currently closed without discharge as of June 11, 2007 and would remain closed until such time as this Court makes its ruling to reopen the case and allow me to file the required closing Form 23 - Debtor's Certification of Completion of PostPetition Instructional Course Concerning Personal Financial Management.

5. That I filed the herein motion in the belief and hope that this request for reopening the matter has merit, as to dischargeability of the debt because the debts were effective at the time I filed the Bankruptcy petition, but inadvertently did not file the required postpetition closing Form 23. I was reminded of the debts at this time, some almost one year later.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 14th day of March, 2008, at Los Angeles, California, 90043.

*[signature]*
MARGO S. POLK,
Debtor/movant

Debtor's Request To ReOpen Closed Without Discharged Chapter 7 Bankruptcy Case: Memorandum of Points and Authorities; Declaration of Margo S. Polk in Support Thereof     5

Case 2:06-bk-16041-VK   Doc 15   Filed 03/14/08   Entered 03/19/08 09:46:34   Desc
Main Document      Page 6 of 8

1

2                           **PROOF OF SERVICE**

3     I, Florence L. Burks, declare as follow:

4 .    I am over the age of 18 and not a party to this action and my business address is 3739 W.

5 Slauson Avenue, Ste. B, Los Angeles, California 90043.

6     1.    On March 14, 2008, served the following documents described as: <u>DEBTOR'S

7 REQUEST TO REOPEN CLOSE WITHOUT DISCHARGE CHAPTER 7 BANKRUPTCY

8 CASE ; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARGO S.

9 POLK IN SUPPORT THEREOF</u> on parties herein in this action as follows:

10

11    /X/    BY MAIL

12    /X/    I deposited such envelope in the mail at LOS ANGELES, California, addressed as

13 afore-mentioned above.

14

15                      (SEE ATTACHED SERVICE LIST)

16

17    / /    (State) I declare under penalty of perjury under the laws of the State of California

18 that the above is true and correct.

19    /X/    (Federal)    I declare under penalty of perjury under the laws of the United States

20 of America that the above is true and correct.

21 Executed this _13th_ day of March, 2008, at Los Angeles, California.

22
                                            Florence L. Burks-Young
23

24

25

26

27

28

Debtor's Request To ReOpen Closed Without Discharged Chapter 7 Bankruptcy Case: Memorandum of Points and Authorities;
Declaration of Margo S. Polk in Support Thereof              6

## SERVICE LIST

U.S. BANKRUPTCY TRUSTEE
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90017


MARGO S. POLK
1508 W. 101st Street
Los Angeles, Ca 90047


TIMOTHY YOO, Chapter 7 Trustee
ROBINSON, DIAMANT & BRILL
1888 Century Park E., Ste. 1500
Los Angeles, CA 90061


AMERICAN EXPRESS
P.O. BOX 297871
Ft. Lauderdale, FL 33329


BANK OF AMERICA
P.O. BOX 1598
Norfolk, VA 23501


CAPITAL ONE BANK
P.O. Box 85015
Richmond, VA 23285-5075


CHASE BANK
800 Brooksedge Blvd.
Westerville, OH 43081


CITIBANK
P.O. BOX 6241
Sioux Falls, SD 57117


HSBC/SONY
90 Christiana Road
New Castle, DE 19720

Debtor's Request To ReOpen Closed Without Discharged Chapter 7 Bankruptcy Case; Memorandum of Points and Authorities; Declaration of Margo S. Polk in Support Thereof

7

Main Document    Page 8 of 8

SPRINT PCS INC
P.O. Box 219554
Kansas City, MO 64121-9554

TARGET NB
P.O. Box 9475
Minneapolis, MN 55440

TMOBILE COMMUNICATIONS
P.O. Box 742598
Cincinnati, OH 45274-2596

WF FINANCE
1200 North West
Sioux Falls, SD 57104-1314

Debtor's Request To ReOpen Closed Without Discharged Chapter 7 Bankruptcy Case; Memorandum of Points and Authorities; Declaration of Margo S. Polk in Support Thereof

8